IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RODNEY RENEE HUNTER,           )
                                )
            Petitioner,          )
                                )
v.                              )        Case No. CIV-10-320-F
                                )
JIM KEITH, Warden,              )
                                )
            Respondent.          )

## REPORT AND RECOMMENDATION

The Respondent argues that one of the habeas claims is unexhausted and urges dismissal of the action. The undersigned agrees that one claim is unexhausted, but recommends administrative closure rather than dismissal.

### Exhaustion of State Court Remedies

Exhaustion requires presentation of the habeas claim to the state's highest court in criminal cases.[1] In Oklahoma, that court is the Oklahoma Court of Criminal Appeals.[2]

Mr. Hunter has asserted five habeas claims: (1) failure to remove certain jurors for cause; (2) insufficiency of the evidence; (3) prosecutorial misconduct; (4) error in the admission of evidence involving other crimes; and (5) ineffective assistance of appellate counsel. Mr. Hunter has not properly presented the ineffective assistance claim to the state appellate court. He tried two times, but the efforts resulted in dismissals of the post-

---

[1]     See Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

[2]     See Okla. Const. art. 7 § 4.

conviction appeals on grounds of timeliness.[3]  As a result, Mr. Hunter has not "properly presented" his ineffective assistance claim to the Oklahoma Court of Criminal Appeals and he has not exhausted state court remedies.[4]

The resulting issue is whether Mr. Hunter has a course of action remaining in state court.  If not, the federal district court would be compelled to consider the claim "exhausted."[5]  The Respondent thinks that a state court remedy remains, and the Petitioner disagrees.

The undersigned agrees with the Respondent.  Under Oklahoma law, one may be entitled to appeal out-of-time if the delay was not the person's fault.[6]  According to Mr. Hunter, prison authorities would not photocopy the required documents and that refusal resulted in dismissal of his second post-conviction appeal.  If the Court credits this allegation, Mr. Hunter could conceivably obtain leave to appeal out-of-time.[7]

---

[3]     Brief in Support of Motion to Dismiss, Exhibit 4 at p. 5 (June 15, 2010).

[4]     *See Torrence v. Hannigan*, 185 F.3d 875, 1999 WL 394650, Westlaw op. at 1 (10th Cir. June 16, 1999) (unpublished op.) ("An untimely appeal that is rejected by the state appellate court on that basis is not considered to have been 'properly presented' [for purposes of exhaustion].").

[5]     *See Parkhurst v. Shillinger*, 128 F.3d 1366, 1370 (10th Cir. 1997) (stating that a habeas claim was "exhausted in reality," even though not fairly presented to the state courts, because the theory would "now" be "procedurally barred" under state law).

[6]     *See* Rule 2.1(E)(1), Rules of the Oklahoma Court of Criminal Appeals (rev. eff. Nov. 1, 1995).

[7]     *See infra* p. 4 (discussing this allegation in the context of "cause" for the failure to exhaust the ineffective assistance claim).

<u>The Appropriateness of Administrative Closure Rather Than Dismissal</u>

Because the petition contains an unexhausted claim, the Respondent seeks dismissal.[8] Instead of dismissing the action, however, the Court should administratively close the proceedings to give Mr. Hunter an opportunity to exhaust the ineffective assistance claim.

Ordinarily, the existence of a single unexhausted claim would require dismissal of the entire action.[9]  But in *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court approved of a stay when:

- good cause existed for the petitioner's failure to exhaust one or more of his claims,

- the unexhausted claims were potentially meritorious, and

- there was no indication of dilatory litigation tactics.[10]

The three factors support imposition of a stay rather than dismissal.

I.    <u>Existence of "Good Cause" for the Failure to Exhaust the Ineffectiveness Claim</u>

Mr. Hunter alleges facts that would constitute "good cause" for the failure to exhaust his ineffective assistance claim.

The lack of exhaustion stems from two procedural violations on Mr. Hunter's part.

---

[8]       *See supra* p. 1.

[9]       *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

[10]      *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The first error was the failure to timely appeal the state district court's initial denial of post-conviction relief. For this error, Mr. Hunter alleges that he did not receive the order until almost five months after the ruling.[11]

The second error involved the delay in perfection of an appeal from the ruling on his second post-conviction application. For this error, Mr. Hunter alleges that he was unable to obtain the required copies from prison officials.[12]

Together, the allegations would satisfy the element of "good cause" for the failure to exhaust the ineffective assistance claim.[13]

## II.   Potential Merit of the Unexhausted Claim

The unexhausted claim is also potentially meritorious.

Mr. Hunter claims that his appellate attorney should have raised: (1) ineffective assistance of trial counsel; (2) failure of the court clerk to provide an accurate transcript of the preliminary hearing and trial; and (3) improper response by the trial judge to requests by

---

[11]   Petitioner's Response to Respondent's Motion to Dismiss Petitioner's Petition for Habeas Corpus for Failure to Exhaust State Court Remedies at pp. 2, 4 (Aug. 5, 2010).

[12]   *See* Petitioner's Response to Respondent's Motion to Dismiss Petitioner's Petition for Habeas Corpus for Failure to Exhaust State Court Remedies at p. 5 (Aug. 5, 2010).

[13]   *See Johnson v. Champion*, 288 F.3d 1215, 1227-28 (10th Cir. 2002) (holding that the clerk's failure to mail a certified copy of an order constituted "cause," for purposes of procedural default, because it "made compliance with Rule 5.2(C) practically impossible" (footnote & citation omitted)); *Smith v. Kansas*, 242 F.3d 390, 2000 WL 1869450, Westlaw op. at 1 (10th Cir. Dec. 21, 2000) (unpublished op.) (holding that "good cause" existed for the late filing of a notice of appeal because prison officers had delayed delivery of an order to the plaintiff); *see also Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1981) (*per curiam*) (stating that the constitutional right to meaningful court access includes an opportunity for "inmates to pay for and receive photocopies of the legal materials required by the courts" (citation omitted)).

the jury during its deliberations. The Court has no information about the alleged errors by trial counsel, inaccessibility of the transcripts of the preliminary hearing or trial, the jury's questions during deliberations, or the judge's answers to the jury.[14] Of course, if trial counsel had been ineffective, the attorney on the direct appeal might have been considered ineffective for failure to raise trial counsel's deficiencies.[15] As a result, the unexhausted claim is potentially meritorious.

III.    Absence of Dilatory Litigation Tactics

The Petitioner was not dilatory. Had Mr. Hunter filed an application for post-conviction relief instead of a habeas petition, the limitations period would have been tolled.[16] This tolling might have allowed Mr. Hunter enough extra days to avoid a time-bar. Thus, Mr. Hunter might have avoided his current predicament if he had sought relief in a different forum. His problem involved a lack of legal acumen rather than a lack of diligence.

---

[14]    The Respondent's submissions provide little help on these matters. The Respondent purported to file the briefs and the opinion from the direct appeal. However, the Respondent inadvertently submitted the briefs and opinion from an unrelated appeal, which was involved in a separate habeas action. *See* Response to Petition for Writ of Habeas Corpus, Exhibits A-C, *Hunter v. Jones*, Case No. CIV-09-567-F (W.D. Okla. June 22, 2009).

[15]    *See Coronado v. Ward*, 517 F.3d 1212, 1216 (10th Cir. 2008) (discussing the habeas petitioner's burden to show ineffective assistance of appellate counsel by a failure to assert ineffectiveness on the part of trial counsel).

[16]    *See* 28 U.S.C. § 2244(d)(2) (2006).

IV.    Preference for Administrative Closure Over a Stay

Ordinarily, application of the three factors should lead to issuance of a stay rather than dismissal.[17] A stay, however, would leave the action pending indefinitely without any means for the federal district court to monitor the proceedings in state court. This administrative difficulty could be overcome by an administrative closing order rather than an indefinite stay.[18] "The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; *i.e.*, administratively closed cases are not counted as active."[19]

Because of the practical difficulty in monitoring the state court proceedings, the Western District of Oklahoma has frequently entered an administrative closing order for an indefinite period of time rather than hold the action in abeyance.[20] The Court should do the same here. To avoid unnecessary delay, however, the Court should order the Petitioner to

---

[17]    *See supra* pp. 3-5.

[18]    *See Ali v. Quarterman*, 607 F.3d 1046, 1047 n.2 (5th Cir. 2010) ("An administrative closure is a docket-management tool to maintain an accurate count of active cases." (citation omitted)); *Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) ("An order administratively closing a case is a docket management tool that has no jurisdictional effect.").

[19]    *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (citation omitted).

[20]    *See, e.g., Waddel v. Jones*, Case No. CIV-08-873-W, slip op. at 2 (W.D. Okla. Nov. 17, 2008) (unpublished order by West, J.) (administratively closing the habeas action during the pendency of a stay); *accord Powell v. Saffle*, Case No. CIV-00-231-A, slip op. at 2 (W.D. Okla. Aug. 1, 2000) (unpublished order by Alley, J.) (entry of an administrative closing order when some of the claims were unexhausted); *Smith v. Jordan*, Case No. CIV-00-25-C (W.D. Okla. Apr. 17, 2000) (unpublished order by Cauthron, J.) (same); *Cox v. Ward*, Case No. CIV-01-1680-M (W.D. Okla. Apr. 25, 2002) (unpublished order by Miles-LaGrange, J.) (same).

file a notice with the Court Clerk within 30 days, showing that he has initiated post-conviction proceedings on his unexhausted claim. Mr. Hunter should then have 14 days to move to reopen the present action once the Oklahoma Court of Criminal Appeals enters a final disposition if he is unable to obtain relief in the state district court. If the Petitioner fails to timely comply with these requirements, the Court should dismiss the action without prejudice.

## Notice of the Right to Object

Any party may file written objections with the Clerk of the United States District Court.[21] The deadline for objections is September 24, 2010.[22] The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[23]

## Status of the Referral

The referral is discharged.

Entered this 7th day of September, 2010.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[21]     *See* 28 U.S.C.A. § 636(b)(1) (2010 supp.).

[22]     *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2) (rev. eff. Dec. 1, 2009).

[23]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").