IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RODNEY RENEE HUNTER,               )
                                   )
          Petitioner,              )
                                   )
v.                                 )          Case No. CIV-10-320-F
                                   )
JIM KEITH, Warden,                 )
                                   )
          Respondent.              )

## REPORT AND RECOMMENDATION

Mr. Rodney Hunter is a state inmate requesting a writ of habeas corpus. The Court should deny the request.

## BACKGROUND

Mr. Hunter was convicted in state court of distribution of a controlled dangerous substance. *See* Petition at p. 1 (Mar. 30, 2010) ("Petition"). The Oklahoma Court of Criminal Appeals ("OCCA") affirmed,[1] and Mr. Hunter filed an application for post-conviction relief.[2] The state district court denied relief, and the OCCA dismissed the appeal as untimely under Rule 5.2(C). Order Declining Appellate Jurisdiction and Dismissing Attempted Post-Conviction Appeal, *Hunter v. State*, Case No. PC-2009-869 (Okla. Crim.

---

[1] Summary Opinion, *Hunter v. State*, Case No. F-2008-79 (Okla. Crim. App. Jan. 16, 2009) ("OCCA Opinion on Direct Appeal").

[2] *See* Petition at p. 3.

App. Nov. 24, 2009). The state district court recommended leave to appeal out of time,[3] but the Plaintiff again failed to timely file the appeal and the OCCA dismissed it on grounds of timeliness.[4] The Petitioner made one more attempt to appeal the denial of his application for post-conviction relief,[5] but the state courts disallowed another appeal out of time.[6]

In the present action, Mr. Hunter alleges constitutional violations involving:

- the trial court's refusal to remove biased jurors for cause,

- insufficiency of evidence regarding his identity as the person who had sold the drugs,

- commission of prosecutorial misconduct,

- introduction of evidence reflecting an unadjudicated crime, and

- provision of ineffective legal representation in the direct appeal.

Petition at pp. 7-12.

---

[3] Order Recommending Petitioner Be Granted an Appeal Out of Time, *Hunter v. State*, Case No. F-2006-58 (Greer Co. Dist. Ct. Jan. 21, 2010).

[4] Order Dismissing Appeal of Denial of Post-Conviction Relief, *Hunter v. State*, Case No. PC-2010-171 (Okla. Crim. App. Mar. 15, 2010).

[5] After his second appeal attempt, Mr. Hunter proceeded to this Court. The Respondent argued nonexhaustion on some of the claims, and the undersigned agreed. Report and Recommendation at pp. 1-2 (Sept. 7, 2010). The Court administratively closed the action to allow the Petitioner to attempt to properly appeal the denial of post-conviction relief. Order (Oct. 8, 2010) (ordering administrative closure until the Petitioner has exhausted the opportunity for a post-conviction appeal).

[6] Order Denying Petitioner's Application for Post-Conviction Relief, *Hunter v. State*, Case No. CF-2006-58 (Greer Co. Dist. Ct. Dec. 15, 2010); Order Affirming District Court's Denial of Request for Out of Time Appeal, *Hunter v. State*, Case No. PC-2011-25 (Okla. Crim. App. Apr. 5, 2011).

## STANDARD FOR HABEAS RELIEF

The applicable standard turns on how the state appellate court had treated the underlying issue.

The OCCA adjudicated the merits of Mr. Hunter's claims involving failure to remove biased jurors, insufficiency of evidence, prosecutorial misconduct, and introduction of evidence involving an unadjudicated crime.[7]  On these claims, the federal district court bears a "secondary and limited" role under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998).

For example, when factual allegations are involved, a federal court can grant habeas relief only if the state court had made "an unreasonable determination of the facts in light of the evidence presented."  AEDPA, 28 U.S.C. § 2254(d)(2) (2006).

The federal district court also engages in limited scrutiny of legal determinations when the state's highest court has addressed the merits.  In these circumstances, the federal court considers only whether the state appeals court's conclusions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  AEDPA, 28 U.S.C. § 2254(d)(1) (2006).

The threshold issue is whether federal law clearly establishes the constitutional protection underlying the Petitioner's claim.  "A legal principle is 'clearly established' . . . only when it is embodied in a holding of [the Supreme Court]."  *Thaler v. Haynes*, __ U.S.

---

[7]     *See infra* pp. 5, 8-9, 12-14, 16-17.

__, 130 S. Ct. 1171, 1173 (2010) (citations omitted).  For this purpose, Supreme Court holdings "must be construed narrowly and consist only of something akin to on-point holdings."  *House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008).  In the absence of Supreme Court precedents, "a federal habeas court need not assess whether a state court's decision was 'contrary to' or involved an 'unreasonable application' of such law."  *Id*. at 1017 (citation omitted).

If the underlying constitutional right is clearly established, the federal district court must ask whether the state court decision was contrary to Supreme Court precedent.[8]  These circumstances may exist when the state court had:

- applied a rule that conflicted with governing Supreme Court holdings or

- reached a conclusion different from the Supreme Court on materially indistinguishable facts.

*See Williams v. Taylor*, 529 U.S. 362, 405-406 (2000) (citation omitted).

If these circumstances are absent, the federal district court must determine whether the state court decision involved an unreasonable application of Supreme Court precedents.  *See supra* p. 3 & note 8 (quoting *Hicks v. Franklin*, 546 F.3d 1279, 1283 (10th Cir. 2008)).  Application of Supreme Court precedent is considered "unreasonable" when the state court unreasonably extends, or refuses to extend, prior decisions.  *See House v. Hatch*, 527 F.3d at 1018.

---

[8]     *See Hicks v. Franklin*, 546 F.3d 1279, 1283 (10th Cir. 2008) ("If there is clearly established federal law, we then consider whether the state court decision was contrary to or involved an unreasonable application of it." (citation omitted)).

If prior Supreme Court cases do not "clear[ly] answer . . . the question presented," the habeas court cannot regard the application of federal law as unreasonable. *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (*per curiam*) (citation omitted).

## GROUND ONE:  FAILURE TO
## REMOVE BIASED JURORS FOR CAUSE

In his first ground for relief, Mr. Hunter alleges that three venirepersons had "shared an intimate relationship with a party to the prosecution's case" and that the trial court erroneously declined to remove these individuals for cause.  Petition at p. 7.  The defense removed one prospective juror with a peremptory challenge, but the trial court seated the other two persons.  *See id.*

The OCCA rejected the claim on direct appeal, explaining:

> [Mr. Hunter] exercised a peremptory challenge to remove prospective juror R.L. but allowed jurors T.T. and F.B. to remain despite the availability of additional peremptories. . . .  We do not agree that the trial court failed to exercise sound discretion in allowing these jurors to be seated.  Each juror indicated that they could put their relationships aside and could be fair and unbiased.  After asking rehabilitative questions, the court did not find their relationships to substantially interfere with their duties as jurors.  This Court permits the trial court to exercise broad discretion in making such determinations.

OCCA Opinion on Direct Appeal at pp. 1-2 (citation omitted).  This decision should be upheld under the deferential standard for habeas review.

The federal district court considers a state trial court's finding regarding the impartiality of particular jurors as a question of fact and applies a presumption of correctness. *See Patton v. Yount*, 467 U.S. 1025, 1036-38 (1984); *see also* AEDPA, 28 U.S.C.

§ 2254(e)(1) (2006) (providing a presumption of correctness for a state court's factual findings). Thus, the relevant questions involve "historical fact: did a juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality have been believed." *Patton v. Yount*, 467 U.S. at 1036 (citation omitted). Both questions should be answered in the affirmative.

Mr. Hunter complains about the impartiality of Ms. Tebeau, Ms. Burnam, and Mr. Lively. Petition at p. 7.

Mr. Lively was removed with a peremptory challenge,[9] and the focus of any claim regarding jury impartiality must be on the venirepersons actually seated. *See Ross v. Oklahoma*, 487 U.S. 81, 86 (1988). Consequently, the Petitioner cannot prevail on the habeas claim involving Mr. Lively's alleged partiality. *See id.* at 85-86 (rejecting the petitioner's claim that the trial court should have excused a venireperson for cause even though he had ultimately been removed with a peremptory challenge).[10]

Habeas relief should also be rejected with respect to the seating of Ms. Tebeau and Ms. Burnam on the jury.

---

[9] *See* Petition at p. 7 (describing Mr. Lively as a "potential" juror and complaining that Ms. Tebeau and Ms. Burnam were eventually seated); *see also* Transcript of Jury Trial, Vol. I at p. 173, *State v. Hunter*, Case No. CF-2006-58 (Greer Co. Dist. Ct. filed Mar. 18, 2008) ("Trial Transcript") (indicating defense counsel's striking of Mr. Lively with a peremptory challenge).

[10] Mr. Hunter's claim involving Mr. Lively could also suggest a constitutional violation based on the denial of a peremptory challenge. *See* Petition at p. 7 (complaining that the defense attorney was forced to "cure" the trial court error through the use of a peremptory challenge). Such a claim would be meritless. *See Watley v. Williams*, 218 F.3d 1156, 1160 (10th Cir. 2000) ("'A defendant's exercise of peremptory challenges . . . is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been removed for cause.'" (citing *United States v. Martinez-Salazar*, 528 U.S. 304, 317 (2000)).

During *voir dire*, Ms. Tebeau and Ms. Burnam announced that they were related by marriage to Shawn Laughlin, a witness in the prosecution's case. Trial Transcript, Vol. I at p. 53. Trooper Laughlin's wife is Ms. Tebeau's cousin and Ms. Burnam's granddaughter. *See id.*, Vol. I at pp. 53, 71. Ms. Tebeau also stated that Trooper Laughlin had served as the pastor in her church. *See id.*, Vol. I. at p. 117.

When further questioned, both witnesses stated that:

- there was nothing about their knowledge of Trooper Laughlin that would prevent them from being fair jurors[11] and

- they would not give unfair weight to Trooper Laughlin's testimony.[12]

The trial court declined to remove the individuals for cause, and Ms. Tebeau and Ms. Burnam ultimately served as jurors. *See id*., Vol. I at pp. 119, 141-219 (indicating that these individuals were not dismissed through a peremptory challenge).

The two jurors swore they could be impartial, and the trial and appellate courts found them to be believable. The federal district court must presume that this decision was correct,[13] and Mr. Hunter presents no evidence to rebut that presumption. Consequently, habeas relief is not available on this ground.

---

[11]     Trial Transcript, Vol. I at pp. 71-72 (Ms. Tebeau), pp. 75, 106 (Ms. Burnam).

[12]     Trial Transcript, Vol. I at pp. 118-19.

[13]     *See supra* p. 5.

GROUND TWO:  INSUFFICIENCY OF THE EVIDENCE
REGARDING THE PETITIONER'S IDENTITY
AS THE PERSON WHO HAD SOLD THE DRUGS

In Ground Two, the Petitioner alleges a failure to prove his identity as the "person who [had] delivered the drugs." Petition at pp. 8-9.  The OCCA rejected the claim on direct appeal,[14] and this determination was reasonable based on Supreme Court precedent and the evidence.

Sufficiency of the evidence on guilt presents a question of law.[15]  Thus, the federal district court should begin by determining whether the Supreme Court has recognized a constitutional requirement concerning the sufficiency of the evidence on guilt.  *See supra* p. 3.  This question should be answered in the affirmative.

The United States Supreme Court established the constitutional requirement in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).[16]  Under this decision, the question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable

---

[14]    OCCA Opinion on Direct Appeal at pp. 2-3; *see infra* p. 9.

[15]    *See Spears v. Mullin*, 343 F.3d 1215, 1238 (10th Cir. 2003) (stating in habeas proceedings that the Tenth Circuit Court of Appeals "review[s] sufficiency of the evidence as a question of law" (citations omitted)); *see also Torres v. Mullin*, 317 F.3d 1145, 1151 (10th Cir. 2003) (holding that when the petitioner challenged only the sufficiency of evidence to support the conviction, the court should regard the issue as a legal question).

[16]    *See Shobe v. McKune*, 276 Fed. Appx. 854, 857 (10th Cir. May 7, 2008) (unpublished op.) ("The 'clearly established federal law' applicable to this claim under 28 U.S.C. § 2254(d)(1) is the Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).").

doubt." *Jackson v. Virginia*, 443 U.S. at 319 (emphasis in original). The state court obtains additional deference when it decides the sufficiency of evidence. *See Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007) ("the . . . (AEDPA) 'adds an additional degree of deference to state courts' resolution of sufficiency of the evidence questions'" (citation omitted)).

The OCCA rejected the Petitioner's claim involving sufficiency of the evidence, stating:

> In Proposition Two, [Mr. Hunter] argues that there was insufficient evidence to establish that he was the individual driving the vehicle from which the drug transaction was made. It is not disputed that the vehicle from which the methamphetamine was sold was registered to [Mr. Hunter], and the confidential informant identified Rodney Hunter at the trial as both the driver of the vehicle and the person with whom he conducted the transaction. The conspicuousness of this vehicle aided law enforcement officers in observing a similar drug transaction where they were able to positively identify [Mr. Hunter] as the seller and driver. This evidence was offered to corroborate the testimony of the confidential informant. Reviewing direct and circumstantial evidence and crediting all inferences in favor of the State, we find that a rational trier of fact could have determined guilt beyond a reasonable doubt.

OCCA Opinion on Direct Appeal at pp. 2-3 (citation & footnote omitted); *see supra* p. 8.

With this rejection of the claim on the merits, the federal district court must address "'whether the OCCA's conclusion'" on the sufficiency of the evidence had "'constituted an unreasonable application of the *Jackson* standard.'" *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007) (citation omitted). The federal court should engage in "sharply limited" review and decline to reweigh conflicting evidence or reassess the witnesses' credibility. *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996).

Under *Jackson*, the standard for sufficiency of the evidence "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979). Therefore, the Court must consider the Petitioner's arguments in light of Oklahoma law.

In Oklahoma, "[n]o person may be convicted of distributing a controlled dangerous substance unless the State has proved beyond a reasonable doubt" that the defendant had:

- knowingly or intentionally

- distributed

- a controlled dangerous substance.

OUJI-CR 6-2 (2d ed.); *see* Okla. Stat. tit. 63 § 2-401(A)(1) (2001).

Mr. Hunter does not challenge the sufficiency of the evidence regarding the intentional distribution of a controlled dangerous substance. *See* Petition at pp. 8-9. Instead, the Petitioner challenges the credibility of the witness that had identified Mr. Hunter as the distributor. *Id.* While Mr. Hunter does not question the presence of his car at the scene, he points to testimony that other people had sometimes driven his vehicle. *Id.* at p. 9. These arguments are not persuasive.

Mr. Michael Williams testified that he had approached law enforcement officers after being offered drugs by Mr. Hunter. Trial Transcript, Vol. II at pp. 375-77. The next day, officers placed a hidden camera on Mr. Williams and he located Mr. Hunter in his car and purchased drugs from him. *See id.*, Vol. II at pp. 383-90. Mr. Williams admitted that he had

obtained multiple convictions and had pending drug charges at the time of trial. *Id.,* Vol. II at pp. 366-68.

The Petitioner challenges Mr. Williams' credibility, arguing that the witness had:

- lied about his prior convictions,

- changed his story about why he was working with law enforcement, and

- known he was wearing surveillance equipment but was unable to obtain a clear picture of the person selling the drugs.

Petition at pp. 8-9. The jury was made aware of these facts[17] and still apparently chose to believe Mr. Williams' testimony. That decision was within the bounds of reason, and the Court cannot reweigh Mr. Williams' credibility. *See supra* p. 9.

The prosecutor also presented evidence that Mr. Hunter had been involved in another drug transaction while driving the same vehicle. *See* Trial Transcript, Vol III at pp. 447-52. Mr. Hunter challenges this evidence with reliance on testimony that others had occasionally driven his vehicle. Petition at p. 9. Again, the jury heard this testimony,[18] and the federal district court cannot reweigh the evidence.[19] In light of Mr. Williams' testimony, the fact-

---

[17]    *See* Trial Transcript, Vol. II at pp. 369, 409-410 (Mr. Williams' varying accounts of why he was working as a drug informant), pp. 378-80, 387-88 (Mr. Williams' acknowledgment that he knew he was wearing surveillance equipment but was unable to obtain a clear picture of the person who had sold the drugs), pp. 381-82 (Mr. Williams' admission that he had incorrectly testified about his prior convictions at the preliminary hearing).

[18]    *See* Trial Transcript, Vol. III at pp. 493-95.

[19]    *See supra* p. 9.

finder could reasonably conclude that Mr. Hunter had intentionally distributed a controlled dangerous substance.

The OCCA reasonably applied the *Jackson v. Virginia* standard when it held that the evidence was sufficient for the conviction. Therefore, the federal district court should reject the habeas claim involving sufficiency of the evidence.

## GROUND THREE: PROSECUTORIAL MISCONDUCT

In his third ground for relief, the Petitioner claims that the prosecutor had vouched for Mr. Williams' credibility. Petition at p. 10. The OCCA rejected the claim on direct appeal,[20] and this determination was reasonable based on Supreme Court precedent and the evidence.

The Supreme Court has held that a prosecutor cannot vouch for the credibility of a witness.[21] But "[a]n argument is only improper vouching 'if the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurance of the witness' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony.'" *United States v. Franklin-El*, 555 F.3d 1115, 1125 (10th Cir. 2009) (citations omitted).

Mr. Hunter focuses on two comments made during closing arguments. Petition at p. 10. In the first, the prosecutor referred to Mr. Williams' participation in a "controlled buy"

---

[20]     OCCA Opinion on Direct Appeal at p. 4; *see infra* p. 13.

[21]     *See United States v. Young*, 470 U.S. 1, 11-12 (1985); *see also Matthews v. Workman*, 577 F.3d 1175, 1187 (10th Cir. 2009) (applying *Young* to a habeas claim involving vouching for the integrity of the State's witnesses), *cert. denied*, __ U.S. __, 130 S. Ct. 1900 (2010).

and stated: "With the controls in there, it adds a lot of credibility to what a confidential informer has to say, and they need some credibility added to them because they're not good people." Trial Transcript, Vol. III at p. 560. In the second comment, the prosecutor again referred to Mr. Williams, stating: "He's not hitting on all eight cylinders anymore. That's unfortunate, but he's doing the best he can. I don't think that guy was bright enough to come up with any creative lie. He told you the truth the best he could, the best he understood it." *Id.*, Vol. III at p. 577.

On direct appeal, the OCCA held that the prosecutor's first comment "was not a reference to the specific informant in this particular case." OCCA Opinion on Direct Appeal at p. 4. The state appellate court also concluded that the second comment involved "an inference that the jury could have drawn from observing Mr. Williams' testimony." *Id.* The OCCA's conclusions entailed a reasonable application of Supreme Court precedent and the evidence.

In his first comment, the prosecutor did not express a personal belief in Mr. Williams' credibility or awareness of information withheld from the jury. Instead, the prosecutor simply argued that any informant's credibility is enhanced by the circumstances surrounding a "controlled buy." *Supra* pp. 12-13. "[I]t is not improper for a prosecutor to direct the jury's attention to evidence that tends to enhance . . . a witness's credibility." *Thornburg v. Mullin*, 422 F.3d 1113, 1132 (10th Cir. 2005).

In the second comment, the prosecutor simply stated that Mr. Williams had "'told . . . the truth.'" *Supra* p. 13 (quoting Trial Transcript, Vol. III at p. 577). This comment did not indicate a personal belief in the witness's veracity[22] and was relatively innocuous in light of the defense attack on Mr. Williams' believability.[23]

For both comments, the OCCA reasonably applied Supreme Court precedent and the evidence in concluding that the prosecutor had not impermissibly vouched for Mr. Williams' credibility.[24]

## GROUND FOUR: INTRODUCTION OF EVIDENCE INVOLVING A PRIOR UNADJUDICATED CRIME

In Ground Four, Mr. Hunter alleges constitutional error through the introduction of evidence involving an unadjudicated crime of distributing a controlled dangerous substance. Petition at pp. 11-12. The Petitioner alleges that the evidence was unfairly prejudicial and deprived him of a fair trial. On direct appeal, the OCCA found no "abuse of discretion" and affirmed. OCCA Opinion on Direct Appeal at p. 6. This decision was reasonable under Supreme Court precedent and the evidence.

---

[22]  *See United States v. Franklin-El*, 555 F.3d 1115, 1125 (10th Cir. 2009) (stating that a prosecutor's comment that a witness "had no reason to lie" and "told them the truth" did not express a personal assurance of the witness's veracity and did not amount to prosecutorial misconduct).

[23]  *See United States v. Tyler*, 42 Fed. Appx. 186, 194 (10th Cir. June 21, 2002) (unpublished op.) (holding that when the defense attacks the credibility of the government witness, the prosecution's comment that a witness "did not lie" did not constitute vouching).

[24]  *See Patton v. Mullin*, 425 F.3d 788, 813 (10th Cir. 2005) (holding that the OCCA did not unreasonably apply federal law in rejecting a claim of vouching when the statements had been based on the evidence and had not involved a personal belief).

As noted above, the federal district court examines Supreme Court precedent to determine whether the constitutional right has been clearly established. *See supra* p. 3. The Supreme Court has never recognized a constitutional prohibition against introduction of evidence involving unadjudicated offenses.[25] As a result, Mr. Hunter cannot base the habeas claim on a constitutional prohibition against evidence of uncharged acts. *See Welch v. Workman*, 639 F.3d at 1007.

However, the Petitioner can base the claim on a more general right to fundamental fairness, which is implicit in the Fourteenth Amendment's Due Process Clause.[26] With the generality in the standard comes considerable latitude in the application. *See Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." (citation omitted)). Thus, the federal district court would need to give considerable "leeway" to the state courts in their determination of what is fundamentally fair.[27] And, this latitude is magnified because the

---

[25]     *See Welch v. Workman*, 639 F.3d 980, 1007 (10th Cir. 2011) ("Welch fails to direct us to any Supreme Court precedent holding the admission of similar unadjudicated crimes is a violation of constitutional proportion.").

[26]     *See Welch v. Sirmons*, 451 F.3d 675, 687-88 (10th Cir. 2006) (stating that in the absence of a Supreme Court precedent involving evidence of uncharged acts, the habeas petitioner "must rely on the more general principle" involving a right to fundamental fairness under the Fourteenth Amendment's Due Process Clause), *abrogated in part on other grounds*, *Wilson v. Workman*, 577 F.3d 1284 (10th Cir. 2009) (*en banc*), *as recognized in Wackerly v. Workman*, 580 F.3d 1171 (10th Cir. 2009).

[27]     *See Petty v. Rudek*, 2011 WL 1107133, Westlaw op. at 7 & n.20 (W.D. Okla. Feb. 7, 2011) (unpublished report by magistrate judge) (noting that the court should grant the OCCA considerable leeway in the determination of fundamental fairness), *adopted*, 2011 WL 1107129 (W.D. Okla. Mar. 23, 2011) (unpublished order by district court judge); *accord Dagley v. Russo*, 540 F.3d 8, 18 (1st Cir. 2008) ("where the applicable rule is general in nature, such as the *Donnelly* fundamental

state appellate court had reviewed the issue under the general standard, "abuse of discretion." *Renico v. Lett*, __ U.S. __, 130 S. Ct. 1855, 1864 (2010) (noting that under the AEDPA, state courts are given more leeway in deciding questions involving an abuse of discretion).

The state appeals court held that the trial court had discretion to permit the evidence of uncharged misconduct under the "identity exception." OCCA Opinion on Direct Appeal at p. 5. This determination was decisive under Oklahoma law, which regards evidence of uncharged misconduct as "relevant" when it bears on identity. *See* Okla. Stat. tit. 12 § 2404(B) (2001); *see also Bear v. State*, 762 P.2d 950, 956 (Okla. Crim. App. 1988) ("Section 2404(B) is a specialized application of the rule of relevance found in Section 2401" (citations omitted)). And Section 2403 would only permit exclusion if the probative value had been substantially outweighed by the danger of unfair prejudice. *See* Okla. Stat. tit. 12 § 2403 (2001).

The trial court rejected an argument concerning unfair prejudice. *See* Trial Transcript, Vol. I at pp. 11-17. On appeal, the OCCA reasoned that the evidence regarding Mr. Hunter's identity was necessary because his defense had included an attack on the veracity of the only

---

unfairness standard [for consideration of a due process challenge to a prosecutor's closing argument], state courts have 'more leeway . . . in reaching outcomes in [their] case-by-case determinations'" (citation omitted)); *Nicklasson v. Roper*, 491 F.3d 830, 836 (8th Cir. 2007) (noting that a "wide range of latitude" is appropriate for the state courts, under the AEDPA, in light of the "indeterminate" nature of a "rule of decision" hinging on the 'essential demands of fairness'" (citation omitted)); *Kemp v. Ryan*, 638 F.3d 1245, 1262 (9th Cir. 2011) ("When a state court is asked to apply a general standard, such as the . . . 'fundamental unfairness' standard . . ., state courts get even greater 'leeway' than is standard under our already-deferential AEDPA framework." (citations omitted)).

eyewitness. OCCA Opinion on Direct Appeal at pp. 5-6. The Petitioner has not pointed to any evidence that would make the OCCA's decision unreasonable. Accordingly, habeas relief is not available.[28]

GROUND FIVE: INEFFECTIVE
ASSISTANCE OF APPELLATE COUNSEL

In his final ground for relief, Mr. Hunter alleges ineffective assistance of appellate counsel. Petition at p. 12. This claim is subject to procedural default.

Mr. Hunter raised a claim of ineffective assistance of appellate counsel in his first application for post-conviction relief. *See*, *e.g.*, Order, *State v. Hunter*, Case No. CF-06-58 (Greer Co. Dist. Ct. filed Apr. 30, 2009) (noting that Mr. Hunter had alleged ineffective assistance of appellate counsel in the post-conviction proceedings).[29] As noted above, the state district court denied relief and the OCCA dismissed the appeal as untimely. *See supra* p. 1. The state district court recommended leave to appeal out of time, but the subsequent appeal attempt was again too late. *See supra* p. 2. The Petitioner made one more attempt to appeal the denial of his application for post-conviction relief, but the state courts denied permission to file another appeal out of time. *See supra* p. 2. In these circumstances, the Petitioner's ineffective assistance claim is subject to a procedural default.

---

[28] *See Knighton v. Mullin*, 293 F.3d 1165, 1171 (10th Cir. 2002) (upholding the denial of habeas relief, reasoning that introduction of evidence involving other crimes was relevant to explain the underlying facts and did not result in a fundamentally unfair trial).

[29] The parties did not provide the Court with a copy of the first application for post-conviction relief.

I.    Standard for Procedural Default

Habeas relief is ordinarily prohibited if the same claim was procedurally barred in state court on independent and adequate state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Two exceptions exist.

The first exception involves a showing of cause and prejudice related to the default. *See id.* For "cause," Mr. Hunter must show an external impediment preventing compliance with the procedural rule. *See id.* at 753.

The second exception involves a fundamental miscarriage of justice. *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997). To invoke this exception, the Petitioner must "'supplement[] his constitutional claim with a colorable showing of factual innocence.'" *Brecheen v. Reynolds*, 41 F.3d 1343, 1357 (10th Cir. 1994) (citations omitted).

II.    Existence of Independent and Adequate State Grounds

The OCCA ultimately dismissed the post-conviction appeal on grounds of timeliness under Rule 5.2(C)(2). *See supra* p. 1. Timeliness under Rule 5.2(C) constitutes an independent and adequate state procedural ground barring federal habeas review.[30] As a result, the Court can only entertain the merits if Mr. Hunter shows cause and prejudice or a fundamental miscarriage of justice. *See supra* p. 18.

---

[30]    *See Johnson v. Champion*, 288 F.3d 1215, 1226 n.3 (10th Cir. 2002) (holding that the requirements in Rule 5.2(C) are independent and adequate for purposes of procedural default).

III.    <u>"Cause"</u>

Mr. Hunter alleges that his facility was "locked-down" in the 30 days following the state district court's recommendation for leave to appeal out of time. *See, e.g.*, Petitioner's Response to Respondent's Motion to Dismiss Petitioner's Petition for Habeas Corpus for Failure to Exhaust State Court Remedies at p. 5 (Aug. 5, 2010). The Petitioner states that the relevant pleadings were "completed in a timely manner," but prison officials ignored his request for the "required" "seven copies." *Id.* (citing Rule 3.4(A), Rules of the Oklahoma Court of Criminal Appeals).

The argument is unconvincing because Mr. Hunter has misread the state court rules. The OCCA rules required only a petition in error with supporting brief and a certified copy of the district court's order. *See* Rule 5.2(C), Rules of the Oklahoma Court of Criminal Appeals. The rule did not require seven copies.[31]

Mr. Hunter admits timely completion of his appellate documents. *Supra* p. 19. Thus, the delay resulted from the Petitioner's misunderstanding of the rules rather than an external

---

[31]     *See* Rule 5.2(C), Rules of the Oklahoma Court of Criminal Appeals; *see also* Order Denying Petitioner's Application for Post-Conviction Relief at p. 1, *Hunter v. State*, Case No. CF-2006-58 (Greer Co. Dist. Ct. Dec. 15, 2010) (rejecting Mr. Hunter's excuse that he could not timely make "the original and seven copies" because "Court of Criminal Appeals Rule 5.2(C) [made] no such requirement"); Order Affirming District Court's Denial of Request for Out of Time Appeal, *Hunter v. State*, Case No. PC-2011-25 (Okla. Crim. App. Apr. 5, 2011) (affirming the state district court's denial of an appeal out of time and finding no "error in the District Court's ruling").

impediment. The Petitioner's misunderstanding does not constitute "cause" for the procedural default.[32]

IV.    A Fundamental Miscarriage of Justice

The Petitioner does not invoke the fundamental miscarriage of justice exception. However, he does challenge the sufficiency of the evidence, and the Court may assume *arguendo* that Mr. Hunter had intended to invoke the exception based on actual innocence.[33] Still, there would be no basis to avoid the procedural default.

To invoke the exception for a fundamental miscarriage of justice, the Petitioner must "'supplement[] his constitutional claim with a colorable showing of factual innocence.'" *Brecheen v. Reynolds*, 41 F.3d 1343, 1357 (10th Cir. 1994) (citations omitted). This showing requires identification of new reliable evidence that affirmatively demonstrates Mr. Hunter's innocence.[34] "A criminal defendant is required to provide evidence that does more than

---

[32]    *See Winfrey v. Rudek*, 2011 WL 1102878, Westlaw op. at 6 (N.D. Okla. Mar. 23, 2011) (unpublished op.) (holding that the petitioner's misunderstanding of state appellate procedures did not constitute "cause" to avoid a procedural default).

[33]    *See*, *e.g.*, *Titsworth v. Mullin*, 415 Fed. Appx. 28, 30-31 (10th Cir. Feb. 7, 2011) (unpublished op.) (discussing an argument as one involving actual innocence because the contention could have been read either as a claim of actual innocence or as a challenge to the sufficiency of the evidence).

[34]    *See Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (stating that for a "fundamental miscarriage of justice," the habeas petitioner "must identify evidence that affirmatively demonstrates his innocence" (citation omitted)); *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (requiring the petitioner to support a claim of actual innocence "with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that [had] not [been] presented at trial").

simply 'undermine the finding of guilt against' him or her." *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (citation omitted).

Mr. Hunter has not identified any new evidence of innocence. At best, the Petitioner has challenged the sufficiency of the evidence based on credibility and conflicting evidence. *See supra* pp. 8-12. These challenges do not undermine the sufficiency of the evidence, as discussed above. *See id*. Even if the jury should have questioned the informant's truthfulness, Mr. Hunter would not have satisfied his burden to demonstrate actual innocence through new evidence. Thus, Mr. Hunter cannot avoid the procedural default based on a fundamental miscarriage of justice.

V.      Summary

The OCCA declined to entertain the post-conviction appeal because it was untimely, and this conclusion constituted an independent and adequate procedural bar under Oklahoma law. The Petitioner has not demonstrated "cause" or a fundamental miscarriage of justice to overcome the procedural default. In these circumstances, the Court should deny federal habeas relief on the claim involving ineffective assistance of appellate counsel.

RECOMMENDED RULING

The Court should deny the petition for a writ of habeas corpus.

NOTICE FO THE RIGHT TO OBJECT

The Petitioner can object to this report and recommendation. To do so, Mr. Hunter must file an objection with the Clerk of this Court by August 15, 2011. *See* Fed. R. Civ. P.

6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2009 supp.).  The failure to timely object would foreclose appellate review of the suggested ruling.[35]

STATUS OF THE REFERRAL

The referral is discharged.

Entered this 29th day of July, 2011.

Robert E. Bacharach
United States Magistrate Judge

---

[35]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").